IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALMA MOMIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-2806 |
| CARNIVAL CRUISE LINES, INC., § | |
| CARNIVAL CORPORATION and § | |
| CAPRICORN TRAVEL "N" TOURS § | |
| § | |
| Defendants. § | |

MEMORANDUM AND ORDER

Pending is Defendant Carnival Corporation, d/b/a Carnival Cruise Line's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and/or (6) Or, In the Alternative, to Transfer Under 28 U.S.C. § 1404(a), and/or 1406(a) (Document No. 3). Plaintiff has not responded, and the motion is deemed unopposed pursuant to Local Rule 7.2. After carefully considering the motion and the applicable law, the Court concludes as follows.

I. Background

This is a personal injury case arising from the slip and fall of a passenger, Plaintiff Salma Momin ("Plaintiff"), aboard a cruise ship owned by Defendant Carnival Corporation, d/b/a Carnival Cruise Lines ("Defendant"). *See* Document No. 1 ex. A at 2. Plaintiff filed suit in state court, and Defendant removed on the basis of federal question jurisdiction. *See* Document No. 1 ¶ 5.

Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), on the grounds that a forum selection clause in the passenger agreement prescribes that the suit be prosecuted in the Southern District of Florida in Miami. *See* Document No. 3 at ¶¶ 1-20. Alternatively, Defendant moves for transfer of the case under 28 U.S.C. §§ 1404(a) or 1406(a) to the above-specified venue. *See* id. ¶¶ 21-23.

## II.   Legal Standards

Under 28 U.S.C. § 1406(a), when venue is found to be improper, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In contrast, 28 U.S.C. § 1404(a) allows for the transfer of a case to an alternative venue where the action may have been brought, if a balancing of public and private concerns favors such transfer. *See* 28 U.S.C. § 1404(a); In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (articulating the factors relevant to a determination of whether transfer is appropriate). Courts have disagreed as to whether § 1404(a) or § 1406(a) governs when a forum selection clause forms the basis for a venue challenge. *Compare* Byrd v. Carnival Corp., No. 1:05CV417, 2006 WL 1367419, at *1, 4 (M.D.N.C. May 16, 2006); Powell v. Carnival Cruise Lines, No. CVF-051238RECDLB, 2005 WL 3080928, at *1, 7 (E.D. Cal. Nov. 17, 2005);

2

Ferketich v. Carnival Cruise Lines, Civ. A. No. 02-CV-3019, 2002 WL 31371977, at *1-2, 7 (E.D. Pa. Oct. 17, 2002); Orozco v. Trinity Ship Mgmt., Inc., Civ. A. No. 99-2810, 2000 WL 343360, at *1 (E.D. La. Mar. 31, 2000)(applying § 1406(a)); *with* Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555, 558-59 (S.D. Tex. 2002) (Kent, J.); Mitsubishi Int'l Corp. v. S/S Fu An Cheng, Nos. Civ. A. 02-545, Civ. A. 02-550, 2001 WL 1944520, at *2-4 (E.D. Pa. Aug. 21, 2001)(invoking § 1404(a)).  This latter group relies on the Supreme Court's opinion in Stewart Org., Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2243 (1988), which, in a diversity case, held that § 1404(a) governs the enforcement of a forum selection clause. *See, e.g.*, Elliott, 231 F. Supp. 2d at 558-59; Mitsubishi Int'l Corp., Nos. Civ. A. 02-545, Civ. A. 02-550, 2001 WL 1944520, at *2-4.  Under Stewart, an enforceable forum selection clause constitutes a single but "significant factor" when determining whether transfer serves the interests of the parties.  Stewart, 108 S. Ct. at 2244 (quoting Van Dusen v. Barrack, 84 S. Ct. 805, 812 (1964)).  However, in admiralty cases decided before and after Stewart, the Supreme Court has affirmed dismissal as a means to enforce a forum selection clause, a result consistent with the application of § 1406(a). *See* Carnival Cruise Lines, Inc. v. Shute, 111 S. Ct. 1522, 1527-29 (1991); M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907 (1972). *See also* Int'l Software Sys. v. Amplicon, Inc., 77 F.3d 112, 114 (5th Cir. 1996)(citing Zapata Marine Serv. v. O/Y Finnlines, Ltd.,

3

571 F.2d 208, 209 (5th Cir. 1978))(per curiam), which "upheld dismissal of a suit as an appropriate means of enforcing a forum selection clause under Bremen[,]" and noting the Court's implied affirmation of dismissal in Shute). Accordingly, in cases arising in admiralty, "[s]ection 1406 . . . provides the mechanism for disposing of an action which has been filed . . . in contravention of [a] contractual agreement . . . ." Launey v. Carnival Corp., Civ. A. No. 97-1470, 1997 WL 426095, at *2 (E.D. La. July 25, 1997).

### III.  Discussion

Defendant asserts that venue is improper because its contract with Plaintiff designates the Southern District of Miami as the exclusive forum. *See* Document No. 3 ¶ 5. A forum selection clause is "prima facie valid and should be enforced unless the enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen, 92 S. Ct. at 1913. *See also* Mitsui & Co. (USA) v. Mira M/V, 111 F.3d 33, 35 (5th Cir. 1997); Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1031 (1999). The burden of establishing unreasonableness is a heavy one and rests solely with the party resisting enforcement of the clause, and is "carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause

4

deprives the plaintiff of his day in court." Mitsui & Co., 111 F.3d at 35 (citing M/S Bremen, 92 S. Ct. at 1913); *accord* Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1513 (1998).

The clause at issue in this case is contained in a contract comprising the last twelve pages of a passenger ticket booklet sent by Defendant to Plaintiff's travel agent on July 9, 2004, for a cruise that departed from Whittier, Alaska on August 18, 2004. Document No. 3 ¶¶ 4-5, ex. A ¶ 8. Text printed in capital letters at the bottom of the booklet cover and on the first page of the contract directs the reader to review the terms of the contract, and warns the recipient that the agreement contains provisions that may restrict the rights of guests to bring claims against Defendant. *See* Document No. 3 ex. B at 1-2. One of these provisions is the forum selection clause, which states:

> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the Unites [sic] States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

Document No. 3 ex. B at 11.

The Supreme Court has analyzed similar language in a passenger ticket contract and held such a non-negotiated provision reasonable and enforceable in the absence of bad-faith, fraud, or over-reaching.  Shute, 111 S. Ct. at 1524, 1527-28.  Moreover, this precise clause and contract have been addressed and upheld by this and many other courts.  *See, e.g.*, Garnard v. Carnival Corp., 2006 WL 1371045, at *1; Williams v. M/V Jubilee, 431 F. Supp. 2d 677, 679, 681 (S.D. Tex.  2003) (Kent, J.); Elliott, 231 F. Supp. 2d at 560-61.  *See also, e.g.*, Randolph v. Baron, Civ. A. No. 05-6022 (JEI), 2006 WL 2627977, at *1 (D.N.J. Sept. 13, 2006); Byrd, 2006 WL 1367419, at *1-3.  Plaintiff has neither argued nor presented any evidence that the clause was a product of fraud or bad-faith, or that its enforcement contravenes public policy.  To require plaintiffs to pursue their claims in the courts of Florida does not impose an unreasonable burden by mandating litigation in a "remote, alien forum[,]"  Shute, 111 S. Ct. at 1528.  Additionally, Plaintiff's claims do not implicate particular local interests, given that the accident occurred off the coast of Alaska.  *See* Document No. 1 ex. A at 2.  Defendant also asserts, and Plaintiff does not refute, that its mailing of the contract to Plaintiff's travel agent nearly five weeks before Plaintiff's departure suggests that Plaintiff, at a minimum, had constructive notice of the provision.  Document No. 3 ¶¶ 18-19; ex. A ¶ 8; *see also* Elliott, 213 F. Supp. 2d at 561 ("The passenger need not have actual notice of the

6

contents, and his failure to read the ticket does not preclude him from being bound by its terms." (citing <u>Carpenter v. Klosters Rederi A/S</u>, 604 F.2d 11, 13 (5th Cir. 1979))). In light of the heavy presumption favoring the enforcement of forum selection clauses, and the absence of any evidence that rebuts this presumption, the Court concludes that Plaintiff is bound to its terms.

Under § 1406(a), the Court retains discretion to transfer the case if dismissal would be "time-consuming and justice-defeating . . . ." <u>Dubin v. United States</u>, 380 F.2d 813, 815 (5th Cir. 1967) (quoting <u>Goldlawr, Inc. v. Heiman</u>, 82 S. Ct. 913 (1962)). After due consideration, the Court concludes that transfer to the prescribed forum in the Southern District of Florida, Miami Division, would better serve the interests of justice. *See, e.g.*, <u>Powell</u>, 2005 WL 3080928, at *7 ("Where a Rule 12(b)(3) motion is granted based on a forum-selection clause, transfer is more in the interest of justice than dismissal."); *see also, e.g.*, <u>Byrd</u>, 2006 WL 1367419, at *4; <u>Ferketich</u>, 2002 WL 31371977, at *7 (transferring). The Court therefore finds it unnecessary to address Defendant's additional arguments.

## IV.  <u>Order</u>

It is therefore ORDERED that

7

Defendant Carnival Corporation d/b/a Carnival Cruise Line's Alternative Motion to Transfer Under 28 U.S.C. § 1404(a) and 1406(a) (Document No. 3) is GRANTED, and this case is TRANSFERRED to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1406(a).

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the Southern District of Florida, Miami Division, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this <u>18th</u> day of December, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE